**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In re:** ) <br> ) <br> **EARL G. McMANN,** ) <br> ) <br> **Debtor.** ) <br> _____) <br> **JLMA ASSET MANAGEMENT, LLC,** ) <br> **HECTOR MARTINEZ, and** ) <br> **WILLIAM and DALE SCHNEIDER,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **EARL G. McMANN,** ) <br> ) <br> **Defendant.** ) <br> _____) | **Chapter 7** <br> **Case No. 07-15018** <br> <br> <br> <br> <br> <br> <br> <br> <br> **Adv. Proc. No. 07-_____** |

**COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR AND**
**DISCHARGEABILITY OF CERTAIN DEBTS**

JLMA Asset Management, LLC, Hector Martinez, and William and Dale Schneider (collectively, the "Plaintiffs") complain against Defendant, Earl G. McMann (the "Defendant") as follows:

**THE PARTIES**

1. Plaintiff, JLMA Asset Management, LLC ("JLMA"), is a limited liability company licensed to do business in the State of Florida.

2. Plaintiff, Hector Martinez ("Martinez"), is an individual residing, at all times relevant hereto, in the City of Miami, County of Dade and State of Florida.

3. Plaintiffs, William and Dale Schneider (the "Schneiders"), are husband and wife and, at all times relevant hereto, have resided in City of Cape Coral, County of Lee and State of Florida.

4.    The Defendant is an individual residing in Canton, County of Norfolk and Commonwealth of Massachusetts. At all relevant times, Defendant was a representative, officer and director of Wizard Custom Homes, Inc. ("Wizard") and exercised complete and pervasive control over that corporation.

## JURISDICTION AND VENUE

5.    On August 9, 2007 (the "Petition Date"), Defendant filed with this Court a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Code").

6.    This Court has jurisdiction over the above-captioned Chapter 7 case and this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b)

7.    Venue of the above-captioned Chapter 7 case is proper in this Court pursuant to 28 U.S.C. § 1408(1).

8.    Venue of this adversary proceeding is proper in this Court pursuant to 28 U.S.C. § 1409(a).

9.    This is a core proceeding. This Court has jurisdiction to enter final orders and judgments in this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (I) and (J).

## GENERAL ALLEGATIONS

10.    On or about May 1, 2005, JLMA entered into a Residential Building Contract (the "JLMA Contract") with Wizard.

11.    Defendant executed the JLMA Contract on behalf of Wizard and was instrumental in convincing JLMA to sign the same.

12.    Pursuant to the terms of the JLMA Contract, Wizard and Defendant agreed to build a residence for JLMA in Fort Myers, Florida.

13. On or about August 11, 2004, Martinez entered into a Residential Building Contract (the "Martinez Contract") with Wizard.

14. Defendant executed the Martinez Contract on behalf of Wizard and was instrumental in convincing Martinez to sign the same.

15. Pursuant to the terms of the Martinez Contract, Wizard and Defendant agreed to build a residence for Martinez in Cape Coral, Florida.

16. On or about March 29, 2004, the Schneiders entered into a Residential Building Contract (the "Schneider Contract") (the JLMA, Martinez and Schneider Contracts shall be referred to collectively as the "Contracts") with Wizard.

17. Defendant executed the Schneider Contract on behalf of Wizard and was instrumental in convincing the Schneiders to sign the same.

18. Pursuant to the terms of the Schneider Contract, Wizard and Defendant agreed to build a residence for the Schneiders in Cape Coral, Florida.

19. Plaintiffs made payments to Defendant in accordance with the terms of the Contracts and as expressly requested by Defendant in the expectation that those funds would be sued to construct the residences Plaintiffs had contracted for

20. Despite receiving the payments from Plaintiffs, Defendant failed to provide the goods and services to Plaintiffs – namely the single-family homes they had contracted for - in accordance with the term of the Contracts.

21. Upon information and belief, instead of utilizing the funds provided to him by Plaintiffs to construct their homes, Defendant diverted those funds to his own personal use.

22. After making numerous entreaties to Defendant requesting that he either build their houses or refund the hundreds of thousands of dollars they had paid him to do so, Plaintiffs

3

eventually filed suit against Defendant, Wizard and Defendants' wife (another officer and director of Wizard) in the state courts of Florida.

23. At approximately the same time, and within one year of the Petition Date, Defendant transferred various pieces of Florida real estate he had an interest in to third parties in an attempt to remove those assets from the reach of potential judgment creditors, such as Plaintiffs (collectively, the "Real Estate Transfers").

24. At Defendant's 11 U.S.C. § 341 meeting, which was conducted in Boston on September 13, 2007, Defendant admitted, under oath and while represented by counsel, that his intent in making the Real Estate Transfers was to hinder, delay or defraud his creditors, including Plaintiffs.

25. Since the Petition Date, Plaintiffs have timely filed proof of claims evidencing the extent of their claims against Defendant.

## COUNT I
### (Exception To Discharge Under Section 523(a)(2))

26. Plaintiffs repeat and reallege the allegations contained in the above-captioned paragraphs.

27. Defendant made knowingly false representations or made representations in reckless disregard of the truth in relation to the Contracts and the construction of new homes by Plaintiffs by, among other things, inducing Plaintiffs to make advance payments to Defendant for construction work that Defendant never intended to perform.

28. Defendant made the statements with the intent to deceive Plaintiffs.

29. Defendant intended to induce Plaintiffs to rely on the false statements and Plaintiffs, in fact, relied upon the false statements.

30. Plaintiffs' reliance on the false statements was justifiable and Plaintiffs were damaged by their reliance on the false statements.

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Enter judgment for Plaintiffs and against Defendant on Count I, thereby excepting from discharge an amount equal to at least the amount of their damages, as quantified in their timely-filed proofs of claims; and

b. Grant Plaintiffs such other and further relief as the Court deems just and proper.

## COUNT II
### (Exception To Discharge Under Section 523(a)(6))

31. Plaintiffs repeat and reallege the allegations contained in the above-captioned paragraphs.

32. By accepting the monies from Plaintiffs under the Contracts and by using such monies for his own purposes rather than utilizing the monies as required by the Contracts, Defendant caused willful and malicious injury to Plaintiffs and/or the property of Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Enter judgment for Plaintiffs and against Defendant on Count II, thereby excepting from discharge an amount equal to at least the amount of the Judgment, plus interest and costs; and

b. Grant Plaintiffs such other and further relief as the Court deems just and proper.

## COUNT III
### (Exception To Discharge Under Section 727(a)(2))

33. Plaintiffs repeat and reallege the allegations contained in the above-captioned paragraphs.

34. Within the one (1) year period prior to the Petition Date, Defendant made the Real Estate Transfers with actual intent to hinder, delay or defraud Plaintiffs because Defendant

5

admitted to transferring this property in order to place it beyond the reach of potential judgment creditors, including Plaintiffs.

    WHEREFORE, Plaintiffs respectfully request that this Court:

a. Enter judgment for Plaintiffs and against Defendant on Count III, thereby denying the Defendant the discharge provided by Section 727 of the Code; and

b. Grant Plaintiffs such other and further relief as the Court deems just and proper.

## COUNT IV
### (Exception To Discharge Under Section 727(a)(5))

    35.    Plaintiffs repeat and reallege the allegations contained in the above-captioned paragraphs.

    36.    Defendant transferred his property, namely the certain Florida real estate, to third-parties while facing numerous lawsuits which could have resulted in the levy of large judgments against him.

    37.    Defendant failed to explain satisfactorily the loss of these assets or the deficiency of assets to meet Defendant's liabilities.

    WHEREFORE, Plaintiffs respectfully request that this Court:

a. Enter judgment for Plaintiffs and against Defendant on Count IV, thereby denying the Defendant the discharge provided by Section 727 of the Code; and

b. Grant Plaintiffs such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: November 9, 2007 | /s/ David C. Johnson<br>David C. Johnson, Esq.<br><br>Marcus, Clegg & Mistretta, P.A.<br>100 Middle Street – East Tower<br>Portland, Maine  04101<br>(207) 828-8000<br><br>Counsel for Plaintiffs<br>JLMA Asset Management, LLC, Hector Martinez, and William and Dale Schneider |

S:\t\Troiano, Joseph A\Pleadings\Earl McMann Chapter 7-Mass\Adversary Proceeding\Adversary Complaint.doc